UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABN CORPORATION, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GROUPE PELM INTERNATIONAL<br>CORPORATION, et al.,<br><br>　　　　Defendants. | Case No.  23-cv-00004-RFL<br><br>**ORDER TO SHOW CAUSE** |

This case involves allegations that Groupe PELM, its CEO Christian Pelligrini, and its attorney Victoria Brieant sold the plaintiffs personal protective equipment when, in fact, no such equipment existed.  (Dkt. No. 1.)  The Complaint alleges that Groupe PELM represented to the plaintiffs that it had two lots comprising over six million nitrile gloves for sale, inducing the plaintiffs to make a $50,000 deposit toward that purchase.  (*Id.* ¶¶ 2–7.)  The Complaint alleges that Brieant confirmed to the plaintiffs that her client "owned" the equipment at issue, and that Brieant represented repeatedly that the gloves were at a warehouse for inspection.  (*Id.* ¶¶ 9–12, 18.)  In fact, Groupe PELM allegedly "had no goods to sell to the Plaintiffs."  (*Id.* ¶ 38.)  Brieant has retained her own counsel, but continues to represent her co-defendants Groupe PELM and Pellegrini (the "GP defendants").

The Court has serious concerns that Brieant's continued representation of her co-defendants presents a potential conflict of interest.  When faced with a situation in which an attorney's representation may present a conflict of interest, it is "the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the

members of its bar." *Gas-A-Tron of Arizona v. Union Oil Co. of California*, 534 F.2d 1322, 1324 (9th Cir. 1976) (per curiam) (citing *Richardson v. Hamilton Int'l Corp.*, 469 F.2d 1382 (3d Cir. 1972)), *cert. denied*, 429 U.S. 861 (1976).  The Court "may disqualify an attorney for not only acting improperly but also for failing to avoid the appearance of impropriety."  *Id.* at 1324–25 (citing *Richardson*, 469 F.2d at 1385–86).

 "Whether an attorney should be disqualified is a matter addressed to the sound discretion of the trial court."  *Henriksen v. Great Am. Sav. & Loan*, 11 Cal. App. 4th 109, 113, 14 Cal. Rptr. 2d 184, 186 (1992).  Generally, outright disqualification is disfavored "and should only be imposed when absolutely necessary."  *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004).  However, "[t]he paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar.  The important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process."  *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1145, 980 P.2d 371, 378 (1999).

Absent an informed written waiver, Brieant's representation of her co-defendants appears to violate required standards of legal ethics and disqualify her from continuing her representation.  Civil Local Rule 11-4(a)(1) provides that attorneys admitted to practice in this Court are subject to the California State Bar's standards of professional conduct.  *See Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016) ("The Ninth Circuit refers to the local rules of each district when deciding which standards govern an ethical violation, and the Central District of California's local rules instruct courts to look to California law and California's Rules of Professional Conduct.").

California Rule of Professional Responsibility 1.7 provides:

> (a) A lawyer shall not, without informed written consent from each client and compliance with paragraph (d), represent a client if the representation is directly adverse to another client in the same or a separate matter.

> (b) A lawyer shall not, without informed written consent from each

> affected client and compliance with paragraph (d), represent a client if there is a significant risk the lawyer's representation of the client will be materially limited … by the lawyer's own interests.

Moreover, despite the language of the rule, California courts have determined that clients cannot waive actual conflicts, only potential conflicts, because a waiver of an actual conflict cannot possibly be properly informed.  "Though an informed consent be obtained, no case we have been able to find sanctions dual representation of conflicting interests if that representation is in conjunction with a trial or hearing where there is an actual, present, existing conflict and the discharge of duty to one client conflicts with the duty to another."  *Klemm v. Superior Ct.*, 75 Cal. App. 3d 893, 898, 142 Cal. Rptr. 509, 512 (Ct. App. 1977).

Brieant is in a situation in which there is a significant risk that her representation of her co-defendants will be materially limited by her own interests.  Her motion to dismiss admits that her defense would be based on attorney-client privileged communications — i.e., that she made the representations at issue because of what her client told her.  *See* Dkt. No. 48 at p. 15 ("[T]he GP Defendants' attorney-client privilege constrains Attorney Brieant's ability to defend herself. Plaintiffs' claims cut to the heart of what Attorney Brieant 'knew,' which in turn requires an examination of the communications between Attorney Brieant and the GP Defendants.").  In other words, she will need to reveal inculpatory statements made by her clients in order to mount her own defense.

At this stage, it is a potential conflict, not an actual conflict.  The Court has not yet ruled upon Brieant's motion to dismiss, which does not assert theories incompatible with the GP defendants' defense.  However, there is significant risk that a direct, actual conflict will soon develop between Brieant and her co-defendants.  For example, the parties will almost certainly be litigating the discoverability of attorney-client privileged communications between Brieant and the GP defendants.  In that dispute, if Brieant is accurately representing that the communications will be exculpatory for her, it would be in Brieant's interest for the Court to find those communications non-privileged (for example, because they were not made for the purpose

3

of seeking legal advice), while such a result would be against the GP defendants' interests.  On the other hand, if the GP defendants believe that Brieant inaccurately represented the situation to the plaintiffs, the GP defendants may have their own claim against Brieant that must be asserted in this lawsuit.

In addition, Brieant's ongoing representation of her co-defendants poses another problem under California Rule of Professional Responsibility 3.7, which provides:

> (a) A lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless:
>
> > (1) the lawyer's testimony relates to an uncontested issue or matter;
> >
> > (2) the lawyer's testimony relates to the nature and value of legal services rendered in the case; or
> >
> > (3) the lawyer has obtained informed written consent from the client.

Brieant is plainly a material witness to the allegations in the Complaint.  *See Yagman v. Galipo*, No. CV 12-7908-GW SHX, 2014 WL 2566129, at *3 (C.D. Cal. June 3, 2014) (applying this rule in a civil context, and citing another case where "disqualification of plaintiff's counsel was warranted to exclude a party's attorney from representing him at trial for patent infringement where the attorney had also performed the patent prosecution for plaintiff and would need to testify as to what happened in the course of the prosecution, even where the client gave informed consent").

The Court has an obligation to disqualify Brieant unless she can present evidence that the GP defendants have given informed written consent regarding her representation of them.  At the hearing on February 20, 2024, Brieant expressed concern that disclosing this evidence would violate attorney-client privilege.  However, a conflict waiver is an agreement pertaining to the conditions of an attorney's employment, which is not privileged.  *In re Michaelson*, 511 F.2d 882, 888 (9th Cir. 1975) ("[I]n the absence of unusual circumstances, the fact of a retainer, the identity of the client, the conditions of employment and the amount of the fee and who paid it do

not come within the privilege of attorney-client relationship."). And, in any event, "in camera review does not destroy the privileged nature of the contested communications." *United States v. Zolin*, 491 U.S. 554, 569, 109 S. Ct. 2619, 2629, 105 L. Ed. 2d 469 (1989); see also *Ballew v. City of Pasadena*, No. CV 18-0712 FMO (ASX), 2020 WL 13584506, at *2 (C.D. Cal. May 18, 2020) (reviewing conflict of interest waiver in camera in assessing disqualification motion).

Accordingly, Brieant is **ORDERED TO SHOW CAUSE** why she should not be disqualified from representing the GP defendants, via written briefing of no longer than 10 pages filed within **thirty days of this Order**. The briefing shall address whether Brieant is in compliance with Rules 1.7 and 3.7. If Brieant believes she should not be disqualified because the GP defendants have provided informed written consent, she must submit proof of that informed written consent to the Court in camera in an ex parte sealed filing with her brief. If Brieant does not submit such proof, the Court will conclude that no such informed written consent has been provided authorizing Brieant's continued representation of the GP defendants, and if appropriate, may disqualify Brieant from continued representation. The Court will hold the GP defendants' pending motion to dismiss (filed by Brieant) in abeyance until it has received assurances that Brieant may ethically represent them.

**IT IS SO ORDERED.**

Dated: February 27, 2024

RITA F. LIN
United States District Judge