UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABN CORPORATION, et al.,<br><br>                  Plaintiffs,<br><br>     v.<br><br>GROUPE PELM INTERNATIONAL CORPORATION, et al.,<br><br>                  Defendants. | Case No. 23-cv-00004-RFL   (LJC)<br><br>**ORDER REGARDING POTENTIAL CONFLICT OF INTEREST**<br><br>Re: Dkt. Nos. 93, 95 |

This case concerns allegations that Defendants induced Plaintiffs to pay for certain goods that Defendants did not own, including through alleged misrepresentations by Defendant Victoria Brieant, who served as counsel to Defendants Groupe PELM and Christian Pellegrini (collectively, the GP Defendants). Brieant continues to represent the GP Defendants in this litigation, although she has retained separate counsel to represent herself and her law office, which is also named as a defendant.[1]

On February 27, 2024, Judge Lin ordered Brieant to show cause why she should not be disqualified from representing the GP Defendants, noting that Brieant had indicated that her defense might be based on potentially privileged communications with the GP Defendants. ECF No. 66 at 3. After Brieant filed a response, Judge Lin discharged the Order to Show Cause on June 5, 2024, on the basis that no actual conflict of interest had yet arisen. ECF No. 68 at 8. Judge Lin noted, however, that an actual conflict could arise if Plaintiffs sought discovery of potentially privileged communications between Brieant and the GP Defendants, which Brieant could have an interest in disclosing and the GP Defendants could have an interest in withholding. *Id.* at 8–9. Judge Lin therefore ordered as follows:

---

[1] References herein to Brieant also include her law office.

> (1) Within seven days of either (a) Brieant's deposition being noticed, or (b) discovery requests seeking attorney-client communications that would normally be privileged absent the applicability of the crime-fraud or other exception; the parties must file a joint letter notifying the Court. The letter shall be three pages or less and must describe how the information sought is potentially privileged and whether any waiver of the privilege or other exception might apply to render the discovery sought nonconfidential. It must also provide, as applicable, the date of the scheduled deposition or a copy of the discovery request at issue.
>
> (2) If the parties file such a letter, the Court will require the parties to file separate statements within three weeks stating their view as to whether a conflict of interest has arisen and whether the discovery at issue should be stayed. At that point, the Court may set briefing and/or a hearing on the issue.

*Id.* at 9.

The parties have now filed two joint discovery letters: one pertaining to Plaintiffs' discovery requests to the GP Defendants, ECF No. 93, and one primarily pertaining to Plaintiffs' discovery requests to Brieant, ECF No. 95.[2] Those letters indicate that both Brieant and the GP Defendants have withheld documents based on assertions of attorney-client privilege. *See, e.g.*, ECF No. 93 at 3 (Plaintiffs noting the GP Defendants' objections based on privilege and that Plaintiffs asked the GP Defendants to prepare a joint letter in accordance with Judge Lin's previous Order); ECF No. 95 at 2 (Plaintiffs raising a dispute regarding the adequacy of a privilege log); ECF No. 95 at 4 (Brieant asserting that her privilege log was adequate). Judge Lin has referred all discovery matters to the undersigned magistrate judge. *See* ECF Nos. 96–98.

It is not clear why the parties have not complied with Judge Lin's Order requiring a joint statement to be filed within seven days of "discovery requests seeking attorney-client communications that would normally be privileged." ECF No. 68 at 9. One possibility is that Defendants construed that Order as limited to discovery requests specifically tailored to attorney-client communications. In this Court's view, however, any discovery requests that encompass purportedly privileged communications—as suggested by the GP Defendants' objections based on privilege, and more clearly indicated by Brieant's service of a privilege log—fall within the scope of Judge Lin's Order and potentially implicate the sort of conflict of interest that motivated that

---

[2] Plaintiffs' portion of the second letter refers to responses by "Defendants," but the responsive portion of the letter is attributed only to Brieant and her law office.

Order.

The first discovery letter indicates that Plaintiffs placed Defendants on notice of the potential need for a joint letter addressing the potential conflict of interest no later than September 27, 2024. ECF No. 93 at 3. The extended briefing schedule contemplated by Judge Lin's previous Order therefore does not appear to be necessary at this point in the case. The parties are ORDERED to file simultaneous briefs no later than December 3, 2024, each no longer than ten double-spaced pages, including all information responsive to both part (1) and part (2) of the section of Judge Lin's June 5, 2024 Order addressing the potential conflict of interest, and attaching the discovery requests at issue as required by part (1), as well as a copy of any privilege log served by Brieant or the GP Defendants.[3] *See* ECF No. 68 at 9. In addition to addressing "whether a conflict of interest has arisen and whether the discovery at issue should be stayed," *see id.*, the parties must also state their position as to what further action would be appropriate if the Court determines that an actual conflict has arisen.

Other deadlines in this case do not appear to be imminent, and the potential conflict of interest raises questions of Brieant's ability to represent the GP Defendants' interests in protecting documents in both Brieant's and the GP Defendants' possession. The Court therefore defers addressing the parties' discovery disputes until after the potential conflict of interest has been resolved. If any party believes that time is of the essence for any aspect of those disputes, and that it would be appropriate for the Court to resolve them notwithstanding Brieant's potential conflict of interest, that party may file an administrative motion pursuant to Civil Local Rule 7-11 asking the Court to consider a discovery dispute while the potential conflict of interest remains unresolved and explaining the basis for that request.

**IT IS SO ORDERED.**

Dated: November 14, 2024

LISA J. CISNEROS
United States Magistrate Judge

---

[3] If the parties agree on which requests are at issue as seeking privileged communications, they may agree to submit a single copy of those requests with only one party's brief. The parties may also agree to submit a single copy of the privilege logs.