UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABN CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GROUPE PELM INTERNATIONAL CORPORATION, et al.,<br><br>    Defendants. | Case No. 23-cv-00004-RFL (LJC)<br><br>**ORDER REGARDING PARTIAL DISQUALIFICATION OF PLAINTIFFS' COUNSEL**<br><br>Re: Dkt. Nos. 119, 121, 122, 125 |

This Court previously ordered defense counsel Victoria Brieant disqualified based on conflicts related to her status as a codefendant to her clients Groupe PELM International Corporation and Christian Pellegrini (collectively, the GP Defendants). ECF No. 119.[1] A Motion for Relief from that Order is currently pending before the presiding district judge. ECF No. 126. The presiding judge has referred any issues of attorney disqualification to the undersigned magistrate judge for decision under 28 U.S.C. § 636(b)(1)(A). ECF No. 123.

In the same Order, this Court ordered Plaintiffs' counsel Jimmie Williams to show cause why he too should not be disqualified as counsel now that he is named as a third-party defendant. ECF No. 119 at 28–29. The Court initially declined to require the same showing from Plaintiffs' attorneys and fellow third-party defendant Aaron McKown (along with McKown's law firm, collectively the McKown Parties), *see id.*, but extended the order to show cause to the McKown Parties after Judge Lin denied their motion to strike the claims against them, ECF No. 121.

The McKown Parties filed an immediate response asking the Court to decline to disqualify them until Judge Lin has a resolved a motion to dismiss that they intend to bring (but have not yet

---

[1] *ABN Corp. v. Groupe PELM Int'l Corp.*, No. 23-cv-00004-RFL (LJC), 2025 WL 660194 (N.D. Cal. Feb. 28, 2025).

Case 3:23-cv-00004-RFL   Document 127   Filed 03/19/25   Page 2 of 4

filed). ECF No. 122. Plaintiffs and Williams filed a response arguing that Williams should not be disqualified because he is not similarly situated to Brieant (and to the disqualified attorney in a Pennsylvania case that this Court found persuasive). ECF No. 125. Plaintiffs and Williams noted, among other arguments, that Plaintiffs provided timely informed consent to Williams's continued representation of them after he was named as a party to the case, that Plaintiffs are now also represented by separate counsel who is not a party to the case (Shantrell Nicks, *see* ECF No. 124), and that Williams (unlike Brieant) has never asserted that privileged communications would be necessary to his defense of the claims against him. *See* ECF No. 125.

This Order assumes the reader's familiarity with the previous Order disqualifying Brieant and ordering Williams to show case, which addresses at length the legal standard for disqualification and the Court's concerns about representation by an attorney who is a co-party. The Court agrees with Plaintiffs and Williams that there are material differences in their circumstances compared to those before the Court on that previous Order that addressed Brieant, including that the clients have provided informed consent to continued representation after consulting with independent counsel, the clients are also represented by counsel who is not a party to the case, and the co-party attorney has not asserted any need for privilege communications to defend the claims against him. But the Court also remains concerned that the continued representation by co-party counsel raises serious potential conflicts of interest, that consent based on a one-time consultation with independent counsel may not be sufficient grounds for informed consent as the case progresses, and that such consultation and consent may not be sufficient on its own to prevent the development of actual conflicts of interest that cannot be waived.

The Court therefore ORDERS that Williams and the McKown Parties may continue as co-counsel to Plaintiffs only if Plaintiffs are also represented by one or more attorneys who are not themselves parties to the case, and subject to the following additional restrictions:

(1) Plaintiffs must provide informed, written consent to the continued representation, as the record reflects they have already done at least with respect to Williams. *See* ECF Nos. 125-1, 125-2.

(2) As should go without saying, attorneys may not represent clients who are directly

adverse to the attorney on any claim (including crossclaims, third-party claims, and the like). If such a claim is filed, or if Plaintiffs or their co-party attorneys reach a decision to file such a claim, counsel must withdraw.

(3) To avoid the risk of juror confusion co-party attorneys may not represent Plaintiffs for any purpose implicating Rule 3.7 of the California Rules of Professional Conduct, including taking or defending depositions, examining witnesses at evidentiary hearings, and representation in any capacity in front of the jury at trial. Because that risk is significantly compounded here by the attorneys' status as not only witnesses but also parties to the case, the clients' consent is not sufficient to waive this condition.

(4) Only non-party attorneys may counsel or represent Plaintiffs for purposes where the Court has identified a serious potential for conflict of interest, specifically: (a) assertion, defense, or waiver of attorney-client privilege with respect to communications with a co-party attorney; (b) assertion that a party acted on advice of counsel; (c) consideration of a potential claim (including cross-claims, etc.) against a co-party attorney; and (d) settlement discussions. Non-party counsel is solely responsible for those issues and must be capable of and willing to represent Plaintiffs for those purposes. Co-party attorneys may advise Plaintiffs that an issue falling within those categories might warrant discussion with non-party counsel, but may not otherwise advise Plaintiffs regarding those issues.

(5) So long as Plaintiffs are represented by at least one co-party attorney in this litigation, Plaintiffs' officers or employees responsible for directing the litigation must meet at least once every three weeks by telephone, videoconference, or in person with non-party counsel, outside the presence of any co-party attorneys, to provide non-party counsel an opportunity to advise Plaintiffs regarding the continued representations by co-party counsel and Plaintiffs an opportunity to raise any concerns regarding that issue.

Plaintiffs' newly associated counsel Nicks may serve in the role of non-party counsel if she is granted permission to appear pro hac vice and if Plaintiffs agree to her doing so. If the McKown Parties prevail in dismissing the claims against them such that they are no longer parties to the case, they could also serve in that role at that time, but not while claims against them remain

pending. Or Plaintiffs may retain other counsel if they prefer.

If Plaintiffs agree to proceed under those terms, they must file notice to that effect no later than April 2, 2025, along with evidence showing that Plaintiffs have provided informed written consent to the McKown Parties continued representation of them. (As noted above, they have already filed such evidence with respect to Williams.) If such notice is not filed, the Court will order co-party counsel disqualified.

To be clear, this Order allowing a limited continued role for Plaintiffs' co-party counsel is based on materially different evidence and circumstances than were before the Court with respect to the previous Order disqualifying defense counsel. The Court recognizes that Defendants have offered additional evidence with their Motion for Relief that was not before this Court at the time it ordered Brieant's disqualification. Because that Motion is directed to Judge Lin, this Court expresses no opinion as to whether that evidence warrants any alteration to the Order disqualifying Brieant or remand of the matter for reconsideration in light of the new evidence.

Discovery remains STAYED pending further order of the Court.

**IT IS SO ORDERED.**

Dated: March 19, 2025

LISA J. CISNEROS
United States Magistrate Judge