UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABN CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GROUPE PELM INTERNATIONAL CORPORATION, et al.,<br><br>    Defendants. | Case No. 23-cv-00004-RFL (LJC)<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 93, 95, 102, 115 |

### A.  Introduction

This case was stayed for several months while the Court addressed an issue of disqualification of counsel. The stay has now been lifted, ECF No. 149, and default has been entered as to Defendant and Counterclaimant Groupe PELM International Corporation, ECF No. 150. An Order to Show Cause why Defendant Christian Pellegrini's[1] default should not entered is pending, with a response deadline of August 8, 2025. ECF No. 155. Defendants Victoria Brieant and the Law Office of Victoria E. Brieant (collectively, the Brieant Defendants) previously represented Groupe PELM and Pellegrini (collectively, the GP Defendants) before being disqualified as counsel. The Brieant Defendants are themselves represented by counsel and not in default.

The Court instructed the parties to meet and confer and file a status report as to four joint discovery letter briefs filed before discovery was stayed. ECF No. 153. Plaintiffs and the Brieant Defendants filed a status report on July 10, 2025. ECF No. 157.[2] This Order addresses the four

---

[1] Pellegrini's name is also sometimes spelled in the record of this case as Pelligrini. If the spelling used in this Order is incorrect, the Court apologizes for the error.
[2] The status report filed by Plaintiffs and the Brieant Defendants includes the following sentence, without further explanation: "Referral is made by Defendants to Docket No. 156, with respect to

outstanding discovery letters in turn, and resolves three of them.

The discovery status conference previously set for July 16, 2025 is hereby VACATED. The parties shall file a stipulation or joint statement no later than July 18, 2025 as to how they wish to raise the remaining issues raised by the November 4, 2024 discovery letter (ECF No. 95) for the Court's resolution.

### B. September 27, 2024 Discovery Letter (ECF No. 93)

The discovery letter filed on September 27, 2024 concerns Plaintiffs' discovery requests to Groupe PELM and Pellegrini, both of whom are located in Canada. *See generally* ECF No. 93. The response by those Defendants asserted that Plaintiffs could only take discovery from them through the use of letters rogatory.

The Court is skeptical of Defendants' reliance on Canadian and Quebecois "blocking statutes" to avoid discovery obligations in this case, where Judge Lin has already determined that they are subject to personal jurisdiction. ECF No. 68 at 2–3 (denying motion to dismiss for lack of personal jurisdiction); *see generally Prado v. FunPlus Int'l AG*, No. 22-cv-05023-YGR (LJC), ECF No. 102 (N.D. Cal. Jan. 26, 2025) (weighing the relevant factors and finding discovery from foreign defendants in Switzerland and China to be appropriate even to determine jurisdiction). The parties did not address either law in detail, but neither seems to preclude the normal application of the Federal Rules of Civil Procedure to discovery in this case. The Canadian law at issue appears to require action by the Attorney General of Canada to block a party from engaging in foreign discovery, which Defendants have not suggested has occurred here. *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, No. 01 CIV.9882(DLC), 2005 WL 2082846, at *2 (S.D.N.Y. Aug. 30, 2005) ("Canada notes that it passed the Foreign Extraterritorial Measures Act which *authorizes the Attorney General of Canada to*, among other things, 'prohibit anyone in Canada from complying with measures from a foreign state or tribunal affecting international

---

the appropriate treatment of Groupe Pelm's discovery letter." ECF No. 157 at 2. It is not clear which discovery letter that comment relates to. The referenced docket entry is a declaration by Brieant providing a mailing address for Pellegrini, as required by an Order by Judge Lin. That declaration "note[s] for the record that Serving an Individual in a Foreign Country must be done pursuant to Federal Rule of Civil Procedure 4(f)(1), not Federal Rule of Civil Procedure 5(b)(2)(C)." ECF No. 156, ¶ 6. Rule 4 governs service of *summons*, and thus is not relevant here.

trade or commerce.'" (emphasis added); Foreign Extraterritorial Measures Act, R.S.C., 1985, c. F-29, § 3, *available at* https://www.canlii.org/en/ca/laws/stat/rsc-1985-c-f-29/31642/rsc-1985-c-f-29.html.  And the Quebec Business Concerns Record Act (QBCRA),[3] which Defendants cite only by a mistyped URL, has been held unconstitutional by the Supreme Court of Canada as applied to proceedings in other Canadian provinces, with the implication would likely be unconstitutional as applied to foreign proceedings as well because its bar on otherwise permissible discovery "certainly runs counter to comity."  *Dennison v. Air Canada*, No. CV 10-420-PK, 2010 WL 11699778, at *3 (D. Or. Oct. 13, 2010) (quoting *Hunt v. Lac d'Amiante du Québec Ltée*, 4 S.C.R. 289, ¶ 61 (C. S.C.C. 1993)); *see also Skky, Inc. v. Thumbplay Ringtones, LLC*, No. CV 13-2072 (PJS/JJG), 2014 WL 11429038, at *5 (D. Minn. Apr. 4, 2014) ("A review of case law reveals that courts have not looked favorably on blocking statutes or the QBCRA.").

That said, the time does not appear to be right for the Court to resolve this discovery dispute on its merits.  For Groupe PELM, it is too late, because Groupe PELM is now in default.  The Ninth Circuit has held "that a defaulted defendant should be treated as a non-party" for the purpose of discovery, and thus subject only to "discovery devices" that "permit discovery from nonparties."  *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158–59 (9th Cir. 2010).  In *Jules Jordan*, a plaintiff served requests for admission on a defendant, but the defendant's default was entered before the time to respond to those requests expired.  *Id.* at 1157.  Default was later vacated after the defendant obtained new counsel, and at trial, the district court deemed the requests for admission admitted due to the defendant's failure to respond in the time allowed.  *Id.* at 1157–58.  The Ninth Circuit held that the district court erred in doing so because a defaulted defendant *cannot* answer requests for admission, which may be served only on parties to a case.  *Id.* at 1158–59.  The discovery letter at issue here concerns interrogatories under Rule 33 of the Federal Rules of Civil Procedure and requests for production of documents under Rule 34, both of which—like the requests for admission in *Jules Jordan*—may be served only on parties.  The dispute is moot as to Groupe PELM because the Court can no longer require Groupe PELM to

---

[3] Quebec R.S. 1964, c. 278, s. 2, *available at* https://www.legisquebec.gouv.qc.ca/en/document/cs/D-12 [https://perma.cc/5ZA9-DFBG].

1    respond to these discovery devices.  Plaintiffs' request to compel responses from Groupe PELM is
2    therefore DENIED, without prejudice to filing new letter, consistent with section F.5 of this
3    Court's Standing Order, renewing that request if Groupe PELM's default is later set aside.
4              As for Pellegrini, this letter comes too soon.  Pellegrini has not yet appeared either pro se
5    or through new counsel, and Judge Lin has allowed him until August 8, 2025 to show cause why
6    default should not be entered, having extended that deadline after learning that Brieant has refused
7    to serve documents on him as contemplated (and in this Court's view, required) by this Court's
8    order disqualifying her as counsel.  ECF Nos. 154, 155; *see* ECF No. 118 (quoting Civ. L.R.
9    11-5(b)).  If Pellegrini elects to proceed as a non-defaulted defendant and Judge Lin allows him to
10   do so, this Court would allow him an opportunity to address this discovery dispute either himself
11   or through non-conflicted counsel.  Or, if Pellegrini's default is ultimately entered, then he would
12   no longer be subject to the discovery devices at issue.
13             Plaintiffs' request to compel responses from Pellegrini is DENIED without prejudice to
14   filing a new letter if Judge Lin allows Pellegrini to proceed.  If so, Plaintiffs must first meet and
15   confer with Pellegrini (if pro se) or his new counsel (if any) as required by section F.5 of this
16   Court's Standing Order.
17             This Order resolves ECF No. 93.
18   **C.     November 4, 2024 Discovery Letter (ECF No. 95)**
19             This discovery letter concerns interrogatories and requests for production that Plaintiffs
20   served on the Brieant Defendants.  Plaintiffs and the Brieant Defendants met and conferred
21   recently as required by the Court, but were unable to resolve the disputes presented in this letter
22   and stood by their prior positions.  ECF No. 95.
23             The dispute encompasses, among other issues, the failure by the Brieant Defendants to
24   provide verifications of their responses, which the Brieant Defendants apparently offered to
25   provide during the meet-and-confer process but never actually provided.  *See* ECF No. 95 at 5.
26   The Court expects, and orders, the Brieant Defendants to resolve that deficiency immediately, and
27   in any event no later than July 18, 2025.
28             The Brieant Defendants refused to produce certain documents, and perhaps also to answer

4

certain interrogatories,[4] based on the GP Defendants' attorney-client privilege. It is not clear if Plaintiffs seek in this letter to overcome any assertion of privilege, or only to compel production a more detailed privilege log. The Court previously disqualified the Brieant Defendants as counsel for the GP Defendants based in part on conflicts of interest related to attorney-client privilege. ECF No. 119 at 16–19; *see also* ECF No. 135 at 2–3 (Order by Judge Lin denying motion for relief). The current record includes only Brieant's arguments that the privilege should apply, without arguments by unconflicted counsel for the GP Defendants. To allow for the possibility of participation by Pellegrini himself or a non-conflicted attorney representing him, the Court declines to address the merits of any privilege dispute so long as Pellegrini's status in the case remains uncertain.

The remaining disputes regarding Brieant's responses, document production, and privilege log are not addressed in sufficient detail in the joint letter to allow for informed resolution by the Court. The parties are ORDERED to meet and confer as to how they wish to present those issues for the Court's resolution, and to file either a stipulation and proposed order setting a briefing schedule, or a joint statement of each party's position (without argument), no later than July 18, 2025.

### D.   December and February Discovery Letters (ECF Nos. 102, 115)

On December 19, 2025, the parties filed a joint discovery letter regarding a request by Groupe PELM to remove an attorneys'-eyes-only confidentiality designation for one of Plaintiffs' witnesses. ECF No. 102. On February 7, 2025, the parties filed a joint discovery letter in which Groupe PELM sought to compel further discovery responses from Plaintiffs' counsel Jimmie Williams, who was at the time also a third-party defendant to claims by Groupe PELM. ECF No. 115.

After the Brieant Defendants were disqualified as Groupe PELM's counsel and Groupe PELM failed to respond to an order to show cause, Judge Lin dismissed Groupe PELM's Third-Party Complaint and directed the Clerk to enter Groupe PELM's default. ECF No. 149. Groupe

---

[4] *See* ECF No. 95 at 4 (disclaiming any further "*non-privileged* documents *or information*" related to certain topics (emphasis added)).

PELM is therefore no longer an active party to this case, and the Court DENIES its requests on that basis, without prejudice to Groupe PELM renewing them if its default is later set aside or its Third-Party Complaint is reinstated. This Order resolves ECF Nos. 102 and 115.

### E. Conclusion

For the reasons discussed above, Plaintiffs' requests to compel further discovery responses from the GP Defendants (ECF No. 93), and Groupe PELM's requests to set aside a confidentiality designation and compel further responses from Williams (ECF Nos. 102, 115), are DENIED.

The Brieant Defendants are ORDERED to provide verifications for their supplemental discovery responses immediately, and in any event no later than July 18, 2025. The parties shall file by the same deadline either a stipulation and proposed order, or a joint statement of each party's position, addressing a briefing schedule to present other disputes raised in their November 4, 2024 discovery letter (ECF No. 95) for resolution by the Court. The Court will refrain from resolving the merits of any assertion of attorney-client privilege on behalf of the GP Defendants until Pellegrini's status in the case is resolved.

The Clerk is directed to mail a copy of this Order to Pellegrini at the address listed in paragraph 4 of ECF No. 156.

**IT IS SO ORDERED.**

Dated: July 15, 2025

LISA J. CISNEROS
United States Magistrate Judge