UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABN CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GROUPE PELM INTERNATIONAL CORPORATION, et al.,<br><br>    Defendants. | Case No. 23-cv-00004-RFL<br><br>**ORDER GRANTING FEDERAL RULE OF CIVIL PROCEDURE 56(d) MOTION AND DENYING WITHOUT PREJUDICE MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 170, 175 |

    Before discovery concluded and during the pendency of a discovery dispute, Defendant Brieant filed a motion for summary judgment. (*See* Dkt. No. 170 (the "MSJ").) Plaintiffs subsequently filed what is effectively a motion under Federal Rule of Civil Procedure 56(d), requesting a continuance of the MSJ deadlines so that they may have an opportunity to obtain discovery necessary to oppose the MSJ. (*See* Dkt. No. 175 (the "Rule 56(d) Motion").) For the reasons set forth below, the Rule 56(d) Motion is **GRANTED**, and the MSJ is **DENIED WITHOUT PREJUDICE**. This Order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

    The pending discovery dispute concerns Brieant's role in the subject transaction and the applicability of the attorney-client privilege and crime-fraud exception to the requested documents and information. (*See* Dkt. Nos. 162-2, 162-3.) Resolution of the dispute implicates the MSJ. Broadly speaking, Brieant raises three arguments in the MSJ: (1) she is immune from liability because she acted as an agent; (2) public policy bars Plaintiffs' claims; and (3) the claims fail on the merits in light of her limited involvement in the subject transaction. The first and third arguments turn on Brieant's role in the subject transaction. (*See* Dkt. No. 68 at 4-6.)

And the second turns on whether information material to Brieant's defense is indeed privileged and therefore confidential. (*See id.* at 7-8.) Thus, it would be premature to rule on the MSJ before the discovery dispute is adjudicated. Moreover, the discovery in question is essential to Plaintiffs' ability to meaningfully oppose the MSJ, including as to issues of Brieant's knowledge and intent. *See also Estrada v. Mayorkas*, 347 F.R.D. 36, 37 (N.D. Cal. 2024) ("The purpose of Rule 56(d) relief is to prevent the nonmoving party from being 'railroaded' by a summary judgment motion that is filed too soon after the start of a lawsuit for the nonmovant to properly oppose it without additional discovery." (citations omitted)).

Accordingly, the Court **GRANTS** the Rule 56(d) Motion and **DENIES** the MSJ **WITHOUT PREJUDICE**. Brieant shall not refile a motion for summary judgment raising the same arguments included in the MSJ until after an order issues resolving the pending discovery dispute, and, if discovery is ordered, after such discovery is completed.

**IT IS SO ORDERED.**

Dated: October 3, 2025

RITA F. LIN
United States District Judge