UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABN CORPORATION, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>GROUPE PELM INTERNATIONAL CORPORATION, et al.,<br><br>       Defendants. | Case No. 23-cv-00004-RFL<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 186 |

     Magistrate Judge Cisneros recently compelled Defendants Victoria Brieant and her law office (collectively, "Brieant") to produce certain documents over which they asserted the attorney-client privilege. (*See* Dkt. No. 184 (the "MJ Order").) Brieant now moves to vacate the MJ Order and requests that the undersigned direct Judge Cisneros to conduct an *in camera* review of the documents in question. (*See* Dkt. No. 186 (the "Motion").) The Motion is **DENIED**.

     ***Brieant's Role.*** The record sufficiently supports Judge Cisneros's determination that the dominant purpose of Brieant's retention in the subject transaction was to serve as a business agent or conduit, rather than to provide legal services. Indeed, Brieant described her retention as limited to "only two very narrow issues: (1) to verify proof of funds and (2) to facilitate communications with [counsel for the counterparty] concerning an inspection of the product." (*See* Dkt. No. 165 at 3.) Christian Pelligrini explained in a declaration that he and Brieant agreed that her "method of verifying a buyer's funds" would be to "ask[] the buyer's legal counsel to" make specified verbal and written representations. (*See* Dkt. No. 109, Ex. A ¶ 4.) Brieant submits no evidence indicating that she was engaged to analyze anything about the legal

sufficiency of those representations.

Brieant also objects to Judge Cisneros's description of her as a "partner." That term, however, is properly used to describe Brieant's communications with a negotiating partner (*i.e.*, the counterparty) and not to suggest that she had an ownership interest in the subject transaction. In any event, characterizing Brieant as a partner is not necessary to the MJ Order's conclusion.

*Production Procedures.*  There is nothing improper about the procedures ordered by Judge Cisneros.  Moreover, nothing in the MJ Order precludes a subsequent *in camera* review, if appropriate, of documents withheld based on any remaining claims of privilege.

*Conclusion.*  For the foregoing reasons, the Motion is **DENIED**.  The deadlines set in the MJ Order remain in effect.

**IT IS SO ORDERED.**

Dated: November 6, 2025

_____
RITA F. LIN
United States District Judge