UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABN CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GROUPE PELM INTERNATIONAL CORPORATION, et al.,<br><br>Defendants. | Case No. 23-cv-00004-RFL (LJC)<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEF AND IN CAMERA REVIEW**<br><br>Re: Dkt. Nos. 190, 194 |

The Court previously held that Defendants Victoria Brieant and her law office (collectively, Brieant) may only withhold communications with Defendant Christian Pellegrini based on attorney-client privilege to the extent that such communications specifically seek or convey legal advice. ECF No. 184; *see also* ECF No. 188 (denying relief from that Order). Brieant produced a transcript of her messages with Pellegrini with redactions based on privilege and relevance. ECF No. 190-1. At Brieant's suggestion, the Court directed her to lodge an unredacted version of the transcript for in camera review, ECF No. 193, which she has now done. Brieant also filed a letter regarding her in camera submission, but did not present any particularized argument as to why any messages are privileged. *See* ECF No. 194. The Court has reviewed the transcript and identified no messages that seek or convey legal advice.[1] Redactions for relevance are disfavored[2] and not warranted here, when the nature of Brieant's relationship

---

[1] Brieant notes in the parties' joint letter that Plaintiffs quoted an exchange of messages that she had clawed back as privileged. ECF No. 190 at 5. Plaintiffs use of those messages after Brieant clawed them back appears to have been improper, and potentially risked sanctions. But no basis for Brieant's assertion of privilege is apparent, even after the Court invited her to submit a brief explaining any such assertions. *See* ECF Nos. 193, 194. The Court declines to take further action regarding Plaintiffs' potential misconduct in this instance.

[2] *See, e.g.*, *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 23md-03084-CRB (LJC), 2024 WL 3639593, at *2 (N.D. Cal. Aug. 1, 2024).

with Pellegrini may be highly relevant to Plaintiffs' claims against Brieant. Brieant is therefore ORDERED to produce the unredacted Whatsapp transcript no later than December 15, 2025.

The parties dispute whether Brieant has sufficiently produced files that appear to have been exchanged through that Whatsapp conversation. The Court understands Brieant's position to be that those files no longer exist. If that is incorrect, and Brieant has withheld such attachments based on relevance, perceived privilege, or any other reason, Brieant must produce them by the same deadline.

Brieant also lodged two invoices to Pellegrini and an email to Pellegrini regarding preparation of an invoice. Those documents do not appear on her privilege log. ECF No. 190-3. Nor do they appear on their face to fall within the scope of the Court's prior Order regarding privilege. Brieant shall produce those documents no later than December 15, 2025.[3]

Finally, Brieant lodged calendars for October, November, and December of 2022. The Court has reviewed those calendars and agrees that they do not on their face relate to Pellegrini, the subject transaction, or any other issue in this case. Brieant need not produce the calendars that she has lodged. The Court notes, however, that a calendar lodged with the filename "ABN Corporation v Groupe PELM Calendar - Victoria Brieant - Outlook January 2023" in fact contains entries for December 2022 and appears to be substantively identical to a calendar she lodged for that month. It appears that Brieant may have submitted the wrong document. In an abundance of caution, if Brieant has an equivalent calendar for January 2023, she is directed to lodge that with the Court for in camera review no later than December 15, 2025. If Brieant does not have a calendar for that month, she must file notice to that effect by the same deadline.

Plaintiffs also seek to compel production of documents that Brieant claims are not (or no longer) within her custody or control, as well as further interrogatory responses. The parties' relationship in discovery thus far has been characterized by dysfunction. The parties have consistently failed to compromise in discovery or narrow their disputes to a scope that can

---

[3] Brieant may redact her bank account number, except for the last four digits. *Cf.* Fed. R. Civ. P. 5.2(a)(4). This Order is without prejudice to Plaintiffs later seeking the full bank account number upon a showing of relevance.

reasonably be presented for resolution. *See, e.g.*, ECF No. 190 at 1, 5 (incorporating by reference prior wide-ranging disputes regarding interrogatory responses, without citation to any particular docket entry or discussion of any particular interrogatory). Both sides have contributed to that dysfunction—though this Order should not be construed as suggesting that their contributions are equal, as otherwise allocating blame more specifically, or as resolving the propriety of Plaintiffs' discovery requests. Under the present circumstances, further litigation over written discovery does not appear to be proportional to the needs of the case at this time. *See* Fed. R. Civ. P. 26(b)(1). A deposition of Brieant may be a more effective and efficient method to cut to the issues that matter most in the case and to get answers to Plaintiffs' questions, such as the potential loss of documents and possible discrepancies between Brieant's document production and her Whatsapp messages.

It is not clear whether Plaintiffs noticed Brieant's deposition before the October 17, 2025 deadline to notice depositions or the November 21, 2025 close of fact discovery. *See* ECF No. 149. If they did not, the Court now authorizes a belated deposition notice as a resolution—at least in part—to the parties' remaining discovery disputes. Brieant must sit for a deposition no later than December 22, 2025.

Plaintiffs' remaining requests in the November 21, 2025 joint letter are DENIED WITHOUT PREJUDICE to renewing them after Brieant is deposed. If Brieant's deposition testimony is evasive, reveals further deficiencies in her production, or otherwise fails to resolve Plaintiffs' legitimate needs for discovery, the Court would consider ordering further document production, further interrogatory responses, and/or further deposition testimony after such further written discovery has been produced. Any such dispute must be raised by joint letter no later than December 29, 2025.

**IT IS SO ORDERED.**

Dated: December 8, 2025

LISA J. CISNEROS
United States Magistrate Judge