UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABN CORPORATION, et al.,

Plaintiffs,

v.

GROUPE PELM INTERNATIONAL CORPORATION, et al.,

Defendants.

Case No.  23-cv-00004-RFL   (LJC)

**ORDER DENYING REQUEST TO RECONSIDER PREVIOUS ORDER**

Re: Dkt. No. 207

### A.    Introduction

The parties have filed a joint letter in which Defendant Victoria Brieant effectively seeks reconsideration of previous orders by this Court and Judge Lin.  ECF No. 207.  Brieant's requests are procedurally frivolous and substantively unpersuasive.  For the reasons discussed below, they are DENIED in their entirety.

### B.    Background

On December 8, 2025, the Court ordered Brieant to sit for a deposition no later than December 22, 2025.  ECF No. 195 at 3.  Judge Lin denied Brieant's motion for relief from that Order on December 22, 2025.  ECF No. 199.  Brieant did not comply with the December 22 deadline.

The parties raised a dispute on February 2, 2026 in which Plaintiffs sought to depose Defendant Victoria Brieant remotely, and Brieant sought to be deposed in person at or near her office in Miami, Florida.  ECF No. 202.  The Court ordered Defendant Victoria Brieant to appear for a deposition, "not limited by subject matter," "in person at a location of Plaintiffs' choice in the state of Florida no later than February 24, 2026," and made clear that the parties must be prepared to comply with that deadline even if either party sought relief from it.  ECF No. 203.  The Court further ordered that "[t]he parties must file notice of the date and time of the deposition

United States District Court
Northern District of California

no later than February 5, 2026," so the Court could endeavor to be available to resolve disputes that might arise during the deposition. *Id.*

On February 5, 2026, Plaintiffs filed a notice for Brieant's deposition to occur on February 18, 2026 in Tampa, Florida. ECF No. 204. The same day, Brieant moved for relief from Judge Lin, seeking to set the deposition closer to her home and to limit the scope of the deposition, or in the alternative, to allow her to depose Plaintiffs. ECF No. 205. Brieant did not propose an alternative date or time for her deposition, instead endorsing the February 18, 2026 date proposed by Plaintiffs (if the deposition occurred in Coral Gables, near Miami). *See id.* at 5. Judge Lin denied relief, holding that the location was reasonable, that "restricting the scope of the deposition would likely be impractical and lead to excessive disputes," and that "Brieant offers no reason why leave to depose Plaintiffs is appropriate." ECF No. 206.

At 3:17 PM today—February 18, 2026, the day Plaintiffs noticed Brieant's deposition— the parties filed another joint discovery letter in which Brieant seeks much of the same relief she unsuccessfully sought from Judge Lin. ECF No. 207. That Brieant was not prepared to proceed with her deposition today comes as a surprise to the Court. The Court previously ordered "*[t]he parties* [to] file notice of the date and time of the deposition no later than February 5, 2026." ECF No. 203 (emphasis added). February 18 was the only deposition date noticed by that deadline, ECF No. 204, with no indication that Brieant objected to it.

### C. Brieant's Motion for Reconsideration is Procedurally Improper

The latest joint letter is effectively a motion for reconsideration, as Brieant tacitly acknowledges by citing in passing "civil local rule 7.9 [sic]." ECF No. 207 at 1. The joint letter does not, however, satisfy the requirements of Civil Local Rule 7-9. Brieant did not seek the Court's leave to file it, as required by Civil Local Rule 7-9(a). Brieant's portion of the joint letter also "repeat[s] . . . written argument" previously presented to this Court and to Judge Lin, in violation of Civil Local Rule 7-9(c). Either of those violations alone is grounds to deny this motion. Nor has Brieant specifically addressed any of the substantive circumstances in which reconsideration is allowed:

(1) That at the time of the motion for leave, a material difference in

2

United States District Court
Northern District of California

fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Brieant asserts that this Court did not previously "have the benefit of taking into account information related to Attorney Brieant's severely limited mobility," ECF No. 207 at 1, perhaps suggesting "a material difference in fact . . . exists from that which was presented to the Court before," *see* Civ. L.R. 7-9(b)(1). But the Court did not have that benefit because Briant did not previously address the issue, and Brieant cannot show that she, the party applying for reconsideration, "did not know such fact . . . at the time of the interlocutory order." *See id.* Brieant's failure to establish a basis for relief under Civil Local Rule 7-9(b) is yet another reason to deny her motion.

### D.     Brieant's Requests Fail on Their Merits

Even if the Court considered the merits of Brieant's requests, it would deny them. Brieant has multiplied the parties' costs by refusing to sit for a remote deposition and failing to comply with the previous Order setting a deadline of December 22, 2025 for her deposition. As a compromise, the Court allowed Plaintiffs to choose a location in Florida for the deposition, and Judge Lin affirmed that decision. Brieant has not shown that her mobility impairment and inability to drive[1] prevent her from appearing at the location Plaintiffs chose for the deposition. The Court takes judicial notice that various common carriers offer regular service by air, train, and bus between Miami and Tampa. If Brieant cannot travel unaccompanied, *see* ECF No. 207 at 2, and cannot arrange for someone else to accompany her, and is not willing to proceed with a

---

[1] Plaintiffs note that Brieant has not provided evidence of her impairment. ECF No. 207 at 4. The Court assumes for the sake of argument that defense counsel's description of Brieant's impairment is accurate, and has no reason to doubt counsel's truthfulness when a misrepresentation would be potentially sanctionable under Rule 11(b) of the Federal Rules of Civil Procedure.

3

United States District Court
Northern District of California

remote deposition (as Plaintiffs have repeatedly offered, *id.* at 4), perhaps her counsel may need to accompany her.

The Court also rejects Brieant's request to depose Plaintiffs. ECF No. 207 at 3. Fact discovery in this case closed almost three months ago on November 21, 2025, and the deadline to notice depositions was even earlier, on October 17, 2025. *See* ECF No. 149. The Court authorized Brieant's deposition after those deadlines for a specific reason: the parties were unable to resolve their wide-ranging disputes regarding Brieant's written discovery responses, which Plaintiffs timely raised in a November 21, 2025 joint letter. *See* ECF No. 190; ECF No. 195 at 2–3. Brieant did not timely raise similar purported deficiencies in Plaintiffs' responses,[2] nor has she done so now. The untimely request to depose Plaintiffs is therefore DENIED.

### E.    Conclusion

Brieant's requests raised in the parties' latest joint letter, which is effectively a motion for reconsideration, are DENIED in their entirety. Brieant did not request relief from the February 24, 2026 deadline for her deposition, and the Court grants no such relief here. The parties shall meet and confer as to the date of Brieant's deposition and file a joint statement no later than February 19, 2026 identifying the date, time, and place of the deposition. If the parties continue to be unable to complete this basic task of civil discovery, their joint statement should identify each party's proposed date and time (as previously ordered, Plaintiffs may set the location) and the opposing party's reason for not agreeing to that proposal.

Plaintiffs state in the joint letter that they intend to move for sanctions. ECF No. 207 at 3. Brieant and her counsel's compliance going forward will weigh heavily in the Court's consideration any such motion.

**IT IS SO ORDERED.**

Dated: February 18, 2026

LISA J. CISNEROS
United States Magistrate Judge

---

[2] Other than a privilege dispute, for which the Court ordered Plaintiffs to produce documents, and for which the December 23, 2025 deadline that the Court set for the parties to raise any further related disputes expired long ago. *See* ECF No. 192.