UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABN CORPORATION, et al.,

Plaintiffs,

v.

GROUPE PELM INTERNATIONAL
CORPORATION, et al.,

Defendants.

Case No.  23-cv-00004-RFL   (LJC)

**ORDER REGARDING DEPOSITION
OF DEFENDANT BRIEANT**

Re: Dkt. No. 209

The Court has reviewed the parties' joint statement (ECF No. 209) in response to the Court's February 19, 2026 Order (ECF No. 208).  The joint request to extend the deadline for Defendant Brieant's deposition to March 17, 2026 is GRANTED in light of Brieant's illness.[1] Brieant is ORDERED to "provide counsel for Plaintiffs a proposed date(s) certain for the deposition no later than close of business this coming Monday, February 23, 2026" as agreed by the parties.  ECF No. 209 at 1.  The deadline for the parties to file a joint statement indicating the date and time of Brieant's deposition, which the parties have now agreed will occur via Zoom, is continued to February 25, 2026.  Plaintiffs must serve a deposition notice by the same deadline, and the parties must attach that notice to their joint statement.  No further extension of those deadlines will be granted absent a particularized showing of medical need (which may be filed under seal if necessary) or similarly extraordinary and compelling circumstances supported by evidence.

The Court generally declines to address Brieant's further re-argument of matters

---

[1] The parties also ask to vacate a "scheduling conference presently set for February 20, 2026." ECF No. 209 at 1.  This Court has not set any such conference, and it does not appear that Judge Lin did so either.

United States District Court
Northern District of California

previously decided, but two issues of compliance with past orders warrant comment.

First, Brieant asserts that she did not violate the original December 22 deadline to sit for a deposition because Plaintiffs never served a deposition notice. ECF No. 209 at 1. If so, the Court was incorrect to place sole blame on Brieant for the failure to meet that deadline. The parties instead appear to have shared an assumption that they could disregard this Court's deadline while they were awaiting Judge Lin's decision on Brieant's motion for relief and meeting and conferring regarding other issues. *See id.*

That assumption was incorrect. Magistrate judges are empowered under 28 U.S.C. § 636(b)(1)(A) to "to hear and determine any pretrial matter" referred by a district judge (subject to certain limitations) and to "issue a written order" under Rule 72(a) of the Federal Rules of Civil Procedure. That authority is distinct from the authority to issue recommendations under § 636(b)(1)(B) and Rule 72(b). Recommendations have no effect unless and until adopted by a district judge, but orders are effective in themselves. Much like how parties generally must comply with district courts' orders and judgments even when pursuing an appeal (unless a stay has been granted), parties must comply with magistrate judges' orders even when pursuing a motion for relief before the presiding district judge (unless interim relief is sought and granted).

This Court made that clear in the February 2, 2026 text-only order: "This Order is binding unless altered by a subsequent order, and all parties should be prepared to comply with it by the deadlines stated above even if a motion for relief is filed." ECF No. 203. There is no indication that Brieant was prepared to do so. Brieant now asserts that she received medical advice on or about February 16, 2026 that she could not travel or sit for a deposition, ECF No. 209 at 2, but she made no mention of that in the joint letter filed February 18, 2026—nor did that letter seek to extend the deadline for her deposition. *See generally* ECF No. 207.

This Court will not, of course, compel Brieant to sit for a deposition if she demonstrates through medical evidence that she is unable to do so. Going forward, however, the parties must diligently raise any requests for relief from court-ordered deadlines, and they must be prepared to comply with those deadlines if such requests are denied.

**IT IS SO ORDERED.**

2

Dated: February 20, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California