United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABN CORPORATION, et al.,

        Plaintiffs,

    v.

GROUPE PELM INTERNATIONAL
CORPORATION, et al.,

        Defendants.

Case No. 23-cv-00004-RFL   (LJC)

**ORDER REGARDING SEPARATE
DISCOVERY LETTER BRIEFS**

Re: Dkt. Nos. 222, 223

The parties' choices in conducting discovery and raising discovery disputes in this case continue to confound. After the Court ordered a deposition of Defendant Brieant, the parties (eventually) agreed to a date and time for that deposition, but apparently did not address expectations for how long the deposition would last.[1] After the Court struck a joint discovery letter brief for failure to comply with the five-page limit stated in this Court's Civil Standing Order, the parties were apparently unable to agree to a compliant joint letter, but then filed separate letters of two pages each (excluding signatures), which could have easily complied with the five-page limit if simply submitted together.

Future separate letters that do not provide a good reason for the parties' failure to submit a joint letter may be stricken sua sponte. *See* Civil Standing Order for Magistrate Judge Lisa J. Cisneros, § F.5 ("In the rare instance that a joint letter is *not possible*, each side may submit a letter not to exceed two pages, which shall include an explanation of why a joint letter was not

---

[1] Plaintiffs assert that a "job confirmation" document from the court reporter "noted that the deposition would proceed from 10:00 am to 5:00 pm." ECF No. 222 at 1. In conjunction with the agreed start time of 10:00 AM Pacific Time, perhaps Defendants should have been able to discern Plaintiffs' intent to continue the deposition until 5:00 PM Pacific Time, particularly given the default durational rule discussed below. But the failure to discuss that issue specifically does not reflect well on either side.

possible." (emphasis added)). In this instance, however, the Court proceeds to consider the parties' arguments. These latest letters raise disputes regarding the suspension of the deposition, instructions not to answer based on attorney-client privilege, and failure to produce documents.

As the parties agreed, the deposition began at 10:00 AM Pacific Time, which is 1:00 PM Eastern Time where Brieant is located. Around 2:30 PM Pacific Time (5:30 PM Eastern Time), after around four and a half hours of total elapsed time and less than four hours of questioning, Brieant's counsel unilaterally suspended the deposition. Her counsel's explanation for doing so is as follows:

> In reality, Plaintiffs questioned Attorney Brieant for nearly four hours, until after close of business (near 5:30 p.m. Florida time, where Plaintiffs knew Attorney Brieant would be). It was Plaintiffs who chose to commence at 1:00 p.m., rather than earlier. At around 5:30 p.m., after Plaintiffs concluded a line of questioning, counsel asked to take a longer break so he could prepare a letter to the Magistrate on the privilege objections. We inquired how much time he needed to complete the deposition (which again, already consumed more than four hours) – he responded he only completed "9 out of 20 pages" of planned questioning. Given that, and his prior threat to involve the Magistrate regardless, coupled with Attorney Brieant feeling a physical toll, we proposed a pause to get further direction from the Court. It made no sense to provide a date to resume then (though we offered to provide a date in the immediate future assuming further deposition would be permitted) because: (1) Attorney Brieant provided testimony that she provided legal services for certain unrelated transactions (e.g. drafting contracts ; she was not negotiator nor agent); (2) counsel needed to confer with Attorney Brieant and insurer on logistics of a resumed in-person or remote deposition, if ordered; and (3) to confer on a mutually-agreeable date.

ECF No. 223 at 1–2 (footnotes omitted).

"Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). The Court did not set any other limit for Brieant's deposition, and there is no indication that the parties stipulated to one. The presumptive time limit therefore applied, and the fact that the deposition had run past 5:00 PM Eastern Time was not a legally sufficient basis for Brieant to adjourn it over Plaintiffs' objections.

Rule 30(d)(3)(A) allows a deponent or party to suspend a deposition as follows:

> At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or

oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

Fed. R. Civ. P. 30(d)(3)(A). Brieant's letter does not reference that Rule, and she has not sought or shown entitlement to relief under it.

Brieant thus had no legal basis to suspend the deposition. Brieant is ORDERED to submit to a resumed remote deposition for whatever remains of Plaintiffs' seven hours of questioning under Rule 30(d)(1), plus an additional fifteen minutes to account for preliminary instructions and questions at the outset of the deposition that will likely need to be repeated. The parties are ORDERED to file a joint statement no later than April 1, 2026 identifying when the deposition will resume and how much time remains for questioning.

Brieant states that she is not opposed to resuming the deposition, but asks that if "it is ordered to continue, Attorney Brieant should be allowed to take Plaintiffs' deposition, in the interest of fairness, reciprocity and pursuit of actual truth." ECF No. 223 at 2. Brieant has made that request before, and it has been denied multiple times because discovery has closed. ECF No. 206; ECF No. 208 at 4; *see also* ECF No. 209 at 2 (raising the same request); ECF No. 210 at 1–2 (declining to consider re-argument of matters previously decided).[2] Brieant's improper suspension of her own deposition is of course no basis for reconsideration of those previous Orders.

The parties' remaining disputes regarding privilege assertions and document production are not presented with sufficient specificity to allow for an informed resolution, and are therefore DENIED WITHOUT PREJUDICE. Any further joint letter raising those disputes must be filed after the deposition has concluded, but no later than one week after its conclusion, and must be accompanied by relevant excerpts of the deposition transcript.

Brieant is encouraged to be forthcoming in her answers and document production, because failure to do so may increase the likelihood that the Court would permit Plaintiffs to reopen the

---

[2] As the Court has previously addressed, the reason why the Court authorized Brieant's belated deposition—the parties' wholesale failure to cooperate in narrowing disputes over Brieant's responses to Plaintiffs' written discovery requests, or to present those disputes in a manner amenable to resolution, *see* ECF No. 195—do not apply in reverse. Brieant raised only one issue of non-production by Plaintiffs, and the Court granted her relief. *See* ECF No. 208 at 4 & n.2.

deposition yet again.  Plaintiffs are encouraged to use their time wisely and focus on what matters, because there is no assurance that the Court will allow further questioning beyond what is authorized here.[3]

**IT IS SO ORDERED.**

Dated: March 30, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

---

[3] The parties' competing administrative motions to set a new case schedule, in which Plaintiffs seek to reopen discovery and Brieant opposes that request, are pending before Judge Lin and are not before this Court.  *See* ECF Nos. 224, 225.  This Order should not be construed as resolving that dispute.

4