UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABN CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GROUPE PELM INTERNATIONAL CORPORATION, et al.,<br><br>Defendants. | Case No.  23-cv-00004-RFL   (LJC)<br><br>**ORDER RESOLVING JOINT LETTER REGARDING SCOPE OF REOPENED DISCOVERY AND DENYING WITHOUT PREJUDICE PETITION FOR HABEAS CORPUS**<br><br>Re: Dkt. No. 230, 231 |

Fact discovery in this case previously closed on November 21, 2025.  ECF No. 149. Plaintiffs timely filed a discovery letter brief challenging aspects of Defendant Victoria Brieant's (and her law office's) document production and interrogatory responses.  After ordering production of certain documents improperly withheld as privileged, the Court ordered Brieant to sit for a deposition "as a resolution—at least in part—to the parties' remaining" disputes regarding written discovery, without prejudice to Plaintiffs renewing their "remaining requests in the November 21, 2025 joint letter . . . after Brieant is deposed."  ECF No. 195 at 3.  That deposition was supposed to take place in December of 2025, *id.*, but did not occur until March 11, 2026, and it was cut short improperly such that the Court ordered it reopened at a later date, ECF No. 227.

In the meantime, Judge Lin issued a Case Scheduling Order setting a new close of fact discovery for July 15, 2026.  ECF No. 228.  That Order provided that "the scope of discovery remains as set by Magistrate Judge Cisneros."  *Id.*

Plaintiffs have now "taken off calendar Brieant's April 15, 2026 [resumed] deposition" and instead "seek to serve third-party subpoenas to [several] witnesses" based on the reopening of fact discovery.  ECF No. 230 at 1 (Defendants' assertions, which Plaintiffs do not dispute). Defendants contend that Judge Lin's new Scheduling Order only allows for the discovery that this

Court previously authorized. *Id.* at 1–3. Plaintiffs disagree, noting that they proposed further discovery in their submission to Judge Lin prior to her Scheduling Order, and that Judge Lin characterized the dispute before her as "whether the new schedule will allow for additional discovery." *Id.* at 3–4.

Though Plaintiffs' reading of the Scheduling Order is not frivolous, Brieant has the better argument. When Judge Lin ordered that "the scope of discovery *remains* as *set* by Magistrate Judge Cisneros," ECF No. 228 (emphasis added), the only scope of discovery that this Court had "set" was: (1) Brieant's resumed deposition; and (2) the possibility of supplemental document production or interrogatory responses sought in the November 21, 2025 joint letter, to the extent warranted after the deposition is completed. This Court does not read Judge Lin's Scheduling Order as authorizing anything further. Plaintiffs may not take discovery beyond that scope.

It is possible that additional information Plaintiffs learn through Brieant's deposition and document production might provide sufficient cause to reopen discovery further. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (addressing the "good cause" standard to modify a scheduling order, which focuses primarily on diligence). Plaintiffs have not sought to make such a showing in the joint letter currently before the Court. ECF No. 230 at 3–4. If Plaintiffs were to show sufficient cause to reopen discovery for *any* purpose beyond what is already authorized (i.e., the deposition and the materials at issue in the November 21, 2025 joint letter), the Court would be inclined to reopen discovery for *all* purposes, up to the new cutoff date set by Judge Lin. Under those circumstances, parsing which new discovery is or is not sufficiently supported by new information would not be a good use of the Court's or the parties' resources, and it would be unfair to allow additional free-ranging discovery by Plaintiffs without allowing Brieant to take discovery as well.

The parties are directed to meet and confer as to how they wish to proceed, and to file either a status report or joint letter no later than May 8, 2026. Any request to reopen discovery beyond its current scope must be supported by evidence of new information learned after the previous close of fact discovery. Such a request must also demonstrate that further reopening discovery is proportional to the needs of the case—or in other words, that the new information

United States District Court
Northern District of California

2

Plaintiffs seek to follow up on is sufficiently important to justify the significant further expenditure of resources by both sides that would follow.

Plaintiffs' Petition for Writ of Habeas Corpus Ad Testificandum, seeking to depose incarcerated witness Justin Constantatos (ECF No. 231), is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: April 27, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

3