UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABN CORPORATION, et al.,

Plaintiffs,

v.

GROUPE PELM INTERNATIONAL CORPORATION, et al.,

Defendants.

Case No.  23-cv-00004-RFL   (LJC)

**ORDER DENYING REQUEST TO REOPEN DISCOVERY**

Re: Dkt. No. 238

Fact discovery in this case closed November 21, 2025.  ECF No. 149.  The parties filed a joint discovery letter brief on that date raising disputes concerning several of Plaintiffs' discovery requests served on Defendants Victoria Brieant and her law office (collectively, Brieant).  ECF No. 190 (the November 21 Discovery Letter).  The parties failed to narrow those disputes to a scope amenable to presentation and resolution by the Court.  This Court authorized Plaintiffs to depose Brieant "as a resolution—at least in part—to" disputes over written discovery, finding that a deposition "may be a more effective and efficient method to cut to the issues that matter most in the case and to get answers to Plaintiffs' questions."  ECF No. 195 at 2–3.  Much delay followed, but Plaintiffs eventually deposed Brieant in March of this year.  Brieant cut that deposition short, and the Court ordered it resumed at a later date.  ECF No. 227.

Amidst those disputes, Judge Lin set a new case schedule with a new July 15, 2026 close of fact discovery, but ordered that "the scope of discovery remains as set by Magistrate Judge Cisneros."  ECF No. 228.  The parties agreed to resume Brieant's deposition on April 15, 2026, ECF No. 229, but Plaintiffs thereafter apparently "t[ook] off calendar [that] deposition," and instead pursued third-party discovery, ECF No. 230 at 2 (Brieant's undisputed characterization).  The parties raised a dispute over whether Judge Lin's new schedule served to reopen fact

discovery generally, or only to allow time for the discovery that this Court had previously authorized. ECF No. 230. This Court held that Judge Lin's new fact discovery cutoff applied only to discovery previously authorized, ECF No. 232, and Judge Lin denied Plaintiffs' motion for relief from that Order, ECF No. 235.

Both of those Orders contemplated that discovery could be reopened more generally if Plaintiffs showed good cause to do so under the standard of *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (focusing primarily on diligence), and demonstrated that the burdens of reopening discovery were proportional to the needs of the case. ECF No. 232 at 2–3; ECF No. 235. This Court's Order indicated that *if* the Court found sufficient cause to allow *any* further discovery beyond the existing scope, the Court would likely reopen discovery for all purposes rather than parsing which additional requests were or were not sufficiently justified. ECF No. 232 at 2. On May 8, 2026, Plaintiffs filed a unilateral letter presenting such a request. ECF No. 236. This Court directed the parties to file a joint letter, and "encouraged [Plaintiffs] to focus their portion of the letter on a limited number of their most compelling reason for reopening discovery." ECF No. 237.[1]

That joint letter is now before the Court. ECF No. 238. Plaintiffs provide two examples of subpoenas they intend to pursue if discovery is fully reopened: (1) a subpoena to Verizon Wireless for Brieant's telephone records, and (2) a subpoena to Cranberry USA/Ascend Eagle Inc. for unspecified documents that Plaintiffs would believe would show Brieant testified falsely about having confirmed Defendant Christian Pellegrini's status as an authorized Cranberry reseller.

Requests to pursue discovery beyond a cutoff date implicate the "good cause" standard to modify a scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure, which focuses on diligence. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should

---

[1] Plaintiffs "object to this 'limitation,' as it prevents them from thoroughly documenting the Defendants [sic] efforts to refuse to respond to discovery." ECF No. 238 at 1. The Court's guidance as to what arguments it considered likely to be most useful did not establish any limitation.

end." *Johnson*, 975 F.2d at 609 (citation omitted). But a "district court 'is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order'" fall within the scope of that discretion. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (quoting *Johnson*, 975 F.2d at 607). As this Court previously held in another case, "diligence is not a binary question," and the possibility that a "*more* diligent attorney might have" behaved differently does not resolve the issue. *Deckers Outdoor Corp. v. Last Brand, Inc.*, No. 23-cv-04850-AMO (LJC), 2025 WL 351596, at *2 (N.D. Cal. Jan. 31, 2025). In other words, a moving party must show diligence, but it need not be perfect.

Any discovery—whether or not pursued before a cutoff date—must also be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

With respect to the proposed subpoena to Verizon, Plaintiffs have not shown diligence in in that they failed to pursue that discovery before the November cutoff. Plaintiffs note that Brieant confirmed during her deposition that Verizon was her telephone provider, ECF No. 238 at 2, but Plaintiffs have been aware of Brieant's telephone number since before the start of this litigation, and the Court takes judicial notice that any number of freely available tools could accurately identify Verizon as the carrier for the number.[2] *See* Fed. R. Evid. 201. Nor have Plaintiffs, at least at this juncture, identified any evidence that Brieant's Verizon records (as distinct from Whatsapp communications where Brieant's cell phone number served as an account identifier) would be relevant to Plaintiffs' claims. This is not to say that Plaintiffs cannot pursue their pending request for *Brieant* to produce her telephone records if that is warranted after her deposition is completed, to the same extent as any other dispute presented in the November 21 Discovery Letter. But this post-cutoff discovery period, which is intended only to resolve the disputes pending as of the November 21 close of fact discovery, is not a license to engage in third-party discovery that Plaintiffs could have pursued before the cutoff if they had believed it relevant

---

[2] *E.g.*, https://www.carrierlookup.com/; https://clearoutphone.io/carrier-lookup/. This is not intended as an endorsement of these particular services. The Court notes only that these free websites, among others easily found with a Google search for "telephone carrier lookup," report Verizon as the carrier for Brieant's number.

United States District Court
Northern District of California

United States District Court
Northern District of California

at that time.

The same is true of the proposed subpoena to Cranberry USA.  Plaintiffs have known from the outset of this case that the aborted transaction on which their claims are based concerned Cranberry products.  If the question of whether Pellegrini was an authorized reseller is relevant to the merits of Plaintiffs' claims, Plaintiffs could have served a subpoena on Cranberry before the close of fact discovery.  If the issue is merely a matter of Brieant's credibility, the Court declines to treat this remedial deposition—which was intended to cut through the chaff of certain unresolved disputes regarding written discovery requests Plaintiffs served on Brieant—as a springboard for third-party discovery on any topic that Plaintiffs might choose to raise during questioning.  Plaintiffs have not shown that the question of whether Brieant confirmed that Pellegrini was an authorized Cranberry reseller is sufficiently important to Plaintiffs' claims such that reopening fact discovery on that topic is proportional to the needs of the case.

Because Plaintiffs have not shown diligence in pursuing either of their examples of desired further discovery before the previous cutoff, nor that belated third-party discovery on those topics is proportional to the needs of the case, the Court does not find good cause to alter the various previous orders governing the close of fact discovery—i.e., the June 18, 2025 minute entry setting a November 21, 2025 close of fact discovery, ECF No. 149, the December 8, 2025 Order allowing Brieant's deposition followed by renewed presentation of any remaining disputes that were pending as of that date, ECF No. 195 at 3, and the more recent Orders allowing additional time for discovery only within  that scope, ECF Nos. 228, 232, 235.  Plaintiffs' request to reopen discovery beyond that scope is DENIED.

The parties are ORDERED to complete the remaining portion of Brieant's deposition by videoconference[3] no later than June 4, 2026.  Following the deposition, the parties are ORDERED to meet and confer in person or by videoconference regarding any remaining disputes raised in the November 21 Discovery Letter that Plaintiffs still wish to pursue.  Any such disputes that the parties are not able to resolve must be presented by joint letter, consistent with section F.5 of this

[3] The parties previously agreed that the resumed deposition would be conducted by videoconference.  ECF No. 229.

4

Court's Civil Standing Order, no later than June 11, 2026.  A joint letter may attach *evidence* as needed, but the Court will disregard any *argument* (whether captioned as a declaration, separate statement, or any other form) beyond the letter itself.  Both parties are encouraged to compromise where possible and pick their battles only where necessary.

**IT IS SO ORDERED.**

Dated: May 21, 2026

LISA J. CISNEROS
United States Magistrate Judge